# United States Tax Court

T.C. Memo. 2026-67

JEFFERY DIEFFENBACH,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 940-24.                                    Filed August 13, 2026.

————

Jeffery Dieffenbach, pro se.

*Daniel C. Chavez*, *William C. Bogardus*, *Michael V. Nanfito*, and *Elizabeth M. Kowalski*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, *Judge*: Respondent determined deficiencies, additions to tax pursuant to sections 6651(a)(1) and (2)[1] and 6654, and accuracy-related penalties pursuant to section 6662(a) for 2015 through 2019 (years at issue) as follows:

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar amount.

| [*2] Year | Deficiency | Additions to Tax/Penalties | | | |
|---|---|---|---|---|---|
| | | § 6651(a)(1) | § 6651(a)(2) | § 6654 | § 6662(a) |
| 2015 | $7,620 | $1,469 | $1,632 | — | — |
| 2016 | 19,499 | 4,387 | 4,875 | $466 | — |
| 2017 | 12,212 | 2,748 | 3,053 | — | — |
| 2018 | 16,124 | 3,064 | — | — | $3,225 |
| 2019 | 16,948 | — | — | — | 3,390 |

The issues for our consideration are whether petitioner (1) failed to report taxable income for 2015–19; (2) is entitled to business deductions, to a capital loss, and to a net operating loss carryforward; (3) is liable for additions to tax for 2015–18; and (4) is liable for penalties pursuant to section 6662 for 2018 and 2019.

## FINDINGS OF FACT

The parties did not stipulate any facts. Exhibits were admitted during trial. Petitioner resided in Rhode Island when he timely filed his Petition.

Petitioner is a licensed attorney in Connecticut. His federal income tax returns were examined for the years at issue. For 2015–17, the Internal Revenue Service (IRS) conducted an examination for a nonfiler. Pursuant to section 6020(b), respondent filed substitutes for returns for those years based upon income from the Information Returns Program. On the substitutes for returns, petitioner was given single filing status with the applicable standard deduction and exemptions.

Petitioner submitted unsigned returns for 2015–17 that reported deductions not included on the substitutes for returns. His unsigned returns included Schedules C, Profit or Loss From Business, on which he reported various business expenses such as advertising, taxes and licenses, utilities, vehicles, and other. Respondent did not allow deductions for these expenses and did not accept the returns.

For 2018 after respondent had commenced an examination, petitioner filed a return that was processed. For 2019 petitioner timely filed a return, and respondent examined that return. After the examination had commenced, petitioner filed Forms 1040X, Amended U.S. Individual Income Tax Return, for 2018 and 2019 which included updated income and deductions from his original returns. These amended returns were not processed. His Form 1040X for 2018 included

[*3] a Schedule C on which he reported various expenses such as taxes and licenses, vehicles, utilities, and other.  His amended return did not include a $1,000 capital loss that he had previously reported.  He claimed a net operating loss carryforward deduction of $75,000 on his 2019 return.

Respondent issued a Notice of Deficiency for the years at issue on October 24, 2023.  Respondent determined deficiencies attributable to third-party income.  During the years at issue petitioner held various positions.  For some positions he was a salaried employee, and for others he was an independent contractor.  In 2014 Greenleaf Compassionate Care Center, Inc. (Greenleaf), hired petitioner as a temporary employee through a temporary employment agency as a part-time bookkeeper.  Greenleaf hired petitioner as an independent contractor in 2015.  In 2018 he was promoted and reclassified as an employee until his termination in 2020.

I.    *Unreported Income*

For 2015 the State of Rhode Island issued Form 1099–G, Certain Government Payments, showing unemployment compensation of $3,927 paid to petitioner.  For 2015 petitioner also received Form W–2, Wage and Tax Statement, from Network and Simulation Technologies reporting wages of $9,093 he received as a salaried employee. The Social Security Administration issued Forms SSA–1099, Social Security Benefit Statement, reporting benefits of $19,328, $20,160, $19,872, $20,268, and $20,948, respectively, for the tax years at issue.[2]

For 2016 Angela Moore, Inc. (Moore), issued petitioner a Form W–2 reporting wages of $6,000.  Petitioner worked as a salaried employee at Moore, a jewelry design business, during 2016.

For 2016 Moore issued petitioner Forms 1099–MISC, Miscellaneous Income, reporting compensation of $24,000 and $3,000.

For 2015 through 2018 Greenleaf issued petitioner Forms 1099–MISC reporting income of $14,610, $24,855, $37,870, and $50,575, respectively.  He was an independent contractor performing bookkeeping services for Greenleaf.

---

[2] The amounts of taxable Social Security benefits are computational adjustments.

**[\*4]**  For 2015, 2016, 2017, and 2019 Malcom Company, Inc., issued petitioner Forms 1099–MISC reporting income of $6,562, $3,500, $2,500, and $2,560, respectively.  Petitioner was an independent contractor performing bookkeeping services.

## II.  *Schedule C Deductions*

On his unsigned returns for 2015–17 and on his amended return for 2018 petitioner deducted on Schedules C expenses of $22,101, $32,558, $38,011, and $62,844, respectively.  The expenses petitioner reported were for advertising; vehicles, machinery, and equipment; taxes and licenses; interest; other; office; utilities; and Self-Employed Health Insurance.

## III.  *Income Tax Returns*

Respondent's records did not show actual receipt of returns for 2015 and 2016.  The records did show receipt of a return for 2017 on March 20, 2022, but the return was not valid and, therefore, not filed. On October 11, 2022, respondent received from petitioner a signed Form 872, Consent to Extend the Time to Assess Tax, for 2017, which extended the period of assessment to December 31, 2023.

During the course of petitioner's audit, two revenue agents conducted the examination.  The immediate supervisor of the first revenue agent signed a Civil Penalty Approval Form on December 7, 2021, approving an accuracy-related penalty for 2019 pursuant to section 6662(a) and (b)(2) for an underpayment due to a substantial understatement of income tax.  *See* § 6662(d).  The second revenue agent had the same immediate supervisor as the first revenue agent.  On October 5, 2022, the immediate supervisor signed a Civil Penalty Approval Form approving an accuracy-related penalty for 2018 under section 6662(a) and (b)(1) for an underpayment due to negligence and, in the alternative, under section 6662(b)(2) due to a substantial understatement of income tax. The supervisor also approved an accuracy-related penalty for 2019 under section 6662(b)(2) for an underpayment due to a substantial understatement of income tax.  *See* § 6662(c) and (d).

**[\*5]**                                          OPINION

I.      *Burden of Proof*

Generally, the Commissioner's determinations in a Notice of Deficiency are presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction or credit. *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

Gross income includes "all income from whatever source derived." § 61(a). In unreported income cases such as this, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing activity or demonstrating that the taxpayer actually received unreported income. *See Weimerskirch v. Commissioner*, 596 F.2d 358, 361–62 (9th Cir. 1979), *rev'g* 67 T.C. 672 (1977); *see also Petzoldt v. Commissioner*, 92 T.C. 661, 689 (1989).

Information supplied to the Commissioner by the taxpayer's employer on Form W–2 and by other payors on Forms 1099 is sufficient to meet this burden. *See Silver v. Commissioner*, T.C. Memo. 2021-98, at \*5. If the Commissioner introduces threshold evidence that the taxpayer received unreported income, the burden shifts to the taxpayer, who must establish by a preponderance of the evidence that the deficiency was arbitrary or erroneous. *Walquist v. Commissioner*, 152 T.C. 61, 67–68 (2019) (citing *Helvering v. Taylor*, 293 U.S. 507, 515 (1935)).

Respondent met the burden of production as to the unreported income determined in the Notice of Deficiency. Respondent produced Form 1099–G, Forms W–2, Forms SSA–1099, and Forms 1099–MISC.

During trial petitioner repeatedly argued that the Notice of Deficiency was invalid, and he focused on respondent's alleged misconduct during the audit. Petitioner provided no testimony or other evidence to contradict the determinations in the Notice of Deficiency. The Court inquired whether petitioner had testimony related to the determinations in the Notice of Deficiency, but he replied that he was only "arguing that it's invalid."

Since petitioner did not dispute the deficiencies, he has not met his burden of proof to show the determinations were erroneous.

**[\*6]** Accordingly, the determinations in the Notice of Deficiency are sustained.

II.    *Tax Returns*

Rather than addressing issues related to the deficiencies determined in the Notice of Deficiency, petitioner argued that his returns were timely filed for 2015–17 and that the Notice of Deficiency was invalid because he underwent more than one examination.

Petitioner provided no testimony or other evidence that contradicted respondent's records regarding his returns. Respondent's records showed that no returns were filed for 2015–17. Petitioner signed a Form 872 for 2017 extending the period of limitations of assessment to December 31, 2023. Respondent issued the Notice of Deficiency on October 24, 2023, before the expiration of the period of limitations. Accordingly, we conclude that the period of limitations had not expired when respondent issued the Notice of Deficiency.

We generally do not look behind a Notice of Deficiency "to examine the evidence used or the propriety of [the Commissioner's] motives or of the administrative policy or procedure involved in making his determinations." *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327 (1974). Section 7605(b) provides that "[n]o taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary." We are limited to reviewing what occurred in an examination and to considering whether section 7605(b) was violated. *See Greenberg's Express*, 62 T.C. at 327; *see also Essner v. Commissioner*, T.C. Memo. 2020-23, at \*11.

The Supreme Court has explained that section 7605(b) imposes "no severe restriction" on the Commissioner's power to investigate taxpayers. *United States v. Powell*, 379 U.S. 48, 54 (1964). The "mere communication with the taxpayer does not fall within the scope of" section 7605(b). *Seidel v. Commissioner*, T.C. Memo. 2005-67, slip op. at 31.

Petitioner argues that there were three examinations. During the trial the second revenue agent testified that he was assigned the case after the first revenue agent retired. He further testified that the IRS conducted one examination. Afterwards, respondent issued a Notice of

[*7] Deficiency. We and other courts have held that there was not a second examination when a taxpayer fails to meet his burden to show that there was a second examination. *Hough v. Commissioner*, 882 F.2d 1271 (7th Cir. 1989), *aff'g* T.C. Memo. 1986-229; *Estate of Sower v. Commissioner*, 149 T.C. 279, 289 (2017). Petitioner failed to meet his burden to show there were three examinations instead of one. Upon review of the record, we conclude that there was only one examination and that section 7605(b) did not preclude respondent from making the determinations in the Notice of Deficiency.

Additionally, petitioner argued that respondent's actions were unconstitutional. Our decision is based on the merits of the record before us and not on the record developed at the administrative level. *See Greenberg's Express*, 62 T.C. at 328. We have recognized an exception to this rule when there is substantial evidence of unconstitutional conduct on the Commissioner's part, and the integrity of our judicial process would be impugned if we were to let the Commissioner benefit from such conduct. *Id.* On the facts before us we hold that there is no substantial evidence of unconstitutional conduct by respondent.

In support of his argument that the Notice of Deficiency is not valid petitioner cited *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394 (1981), which concluded that there was a final judgment and that the doctrine of res judicata applied. Here, there is no res judicata. Petitioner had a prior case for the years at issue before this Court that was dismissed for lack of jurisdiction because there was no Notice of Deficiency. *See Dieffenbach v. Commissioner*, No. 3921-22 (T.C. May 4, 2023); *see also Monge v. Commissioner*, 93 T.C. 22, 27 (1989). There was not a prior final judgment on the merits. *See Federated Dep't Stores*, 452 U.S. at 398. Accordingly, res judicata does not apply.

III. *Additions to Tax*

With respect to the additions to tax under sections 6651 and 6654, respondent bears the burden of production, but petitioner bears the burden of proof. *See* § 7491(c). To meet his burden of production, respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." *See Higbee v. Commissioner*, 116 T.C. 438, 446 (2001). As explained below, the evidence required to meet this burden is not necessarily the same for each addition to tax. *See, e.g., Spurlock v. Commissioner*, T.C. Memo. 2003-124.

[*8]  A.  *Failure to File*

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on a return for each month (or fraction thereof) for which there is a failure to file the return, not to exceed 25% in total. Respondent has produced the account transcripts for petitioner's 2015–18 tax years, which show that petitioner did not file timely returns for 2015–18. This was sufficient to satisfy respondent's burden of production. *See Murray v. Commissioner*, T.C. Memo. 2017-67. Petitioner has alleged no facts and produced no evidence showing that his failure to file was "due to reasonable cause and not due to willful neglect." *See* § 6651(a)(1). We will sustain the failure-to-file addition to tax for 2015–18 as determined in the Notice of Deficiency.

B.  *Failure to Pay*

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to pay timely "the amount shown as tax on [a] return" unless the taxpayer proves that his failure was due to reasonable cause and not due to willful neglect. To meet his burden of production under section 7491(c) for this addition to tax, the Commissioner must produce evidence of a tax return. *Wheeler v. Commissioner*, 127 T.C. 200, 208–10 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008). A substitute for return prepared by the IRS pursuant to section 6020(b) is treated as the "return" filed by the taxpayer for this purpose. *See* § 6651(g). Respondent provided certified copies of substitutes for returns for 2015–17. Respondent has met his burden, and petitioner has failed to show his failure to pay was due to reasonable cause and not willful neglect. *See* § 6651(a)(2).

C.  *Failure to Make Estimated Tax Payments*

Respondent determined that petitioner was liable for an addition to tax for failure to make estimated tax payments for 2016. Section 6654(a) imposes an addition to tax on an individual who underpays his estimated tax. This addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. § 6654(c) and (d). Each required installment is equal to 25% of the "required annual payment." § 6654(d). Where a taxpayer has not filed a return for the current tax year or the immediately preceding tax year, the "required annual payment" is equal to 90% of the tax due for the current year. § 6654(d)(1)(B).

**[\*9]** The Commissioner's burden of production under section 7491(c) requires him to produce, for each year for which the addition to tax is determined, evidence that the taxpayer had a "required annual payment" under section 6654(d). To do so, the Commissioner must establish the tax shown on the taxpayer's return for the preceding year or demonstrate that the taxpayer filed no such return. *See Wheeler*, 127 T.C. at 212; *Collins v. Commissioner*, T.C. Memo. 2020-50. Petitioner did not file a return for 2015 or 2016 and did not pay estimated tax for 2016. Respondent filed substitutes for returns for 2015 and 2016. Accordingly, petitioner is liable for an addition to tax pursuant to section 6654 for 2016.

## IV. *Penalties*

Respondent determined accuracy-related penalties under section 6662(a) for 2018 and 2019. Section 6662(a) imposes a 20% accuracy-related penalty on any portion of an underpayment of tax required to be shown on a return if, as provided by section 6662(b)(1), the underpayment is attributable to "[n]egligence or disregard of rules or regulations."

Section 6662(d)(1) provides that there is a substantial understatement of income tax for any taxable year if the amount of the understatement exceeds the greater of (1) ten percent of the tax required to be shown on the return or (2) $5,000. The term "understatement" means the excess of the amount of tax required to be shown on the return over the amount of tax imposed which is shown on the return. § 6662(d)(2)(A). Only one accuracy-related penalty may be applied with respect to any given portion of an underpayment, even if that portion is subject to the penalty on more than one of the grounds set out in section 6662(b). Treas. Reg. § 1.6662-2(c).

The Commissioner bears the burden of production with respect to the liability of an individual for any penalty. *See* § 7491(c). The initial determination of the section 6662 penalty must be personally approved in writing by the immediate supervisor or other such official designated by the Secretary to give such approval. § 6751(b)(1). Petitioner did not dispute that respondent met the requirements of section 6751(b). The accuracy-related penalty does not apply with respect to any portion of the underpayment for which the taxpayer shows reasonable cause and good faith. § 6664(c)(1); *see Higbee*, 116 T.C. at 448–49.

**[\*10]** Respondent argues that petitioner is liable for accuracy-related penalties for underpayments due to substantial understatements of income tax for 2018 and 2019. Petitioner substantially understated his income tax. His understatements were greater than $5,000, which is greater than ten percent of the tax shown on his returns for 2018 and 2019. Petitioner did not show reasonable cause; therefore, he is liable for accuracy-related penalties for 2018 and 2019.

V.   *Conclusion*

We conclude that the Notice of Deficiency is valid. Additionally, we sustain respondent's determinations in the Notice of Deficiency.

We have considered all arguments made and, to the extent not addressed above, conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*